FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX JOSEPH CAMPBELL, TAMPICO WELL USERS, and TAMPICO STORE AND CAFÉ,<br><br>    Defendants. | No. 1:18-cv-03062-SAB<br><br>**JUDGMENT AND DECREE OF FORECLOSURE** |

The Court held a motion hearing in the above-captioned matter on February 21, 2019. Brian Donovan appeared on behalf of Plaintiff and no one appeared on behalf of Defendants.[1] At the hearing, the Court addressed the pending Motion for Judgment and Decree of Foreclosure, ECF No. 10. The Court, having been fully advised on the matter, finds good cause to grant the motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Government's Motion for Judgment and Decree of Foreclosure, ECF No. 10, is **GRANTED**.

2. Plaintiff is awarded judgment against Defendant Alex Joseph Campbell in the amount of $203,407.50; plus interest to accrue at the rate of $15.6040 per day from and after November 29, 2018 to the date of

---

[1] Defendant Alex Joseph Campbell and Defendant Tampico Well Users stipulated to the relief sought by Plaintiff. ECF Nos. 4, 6. As for Defendant Tampico Store and Café, an order of default was entered against for its failure to appear or otherwise defend in this matter. ECF No. 9.

**JUDGMENT AND DECREE OF FORECLOSURE ^ 1**

judgment; plus interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961 until paid in full, for costs of suit, including but not limited to, the filing fee allowed pursuant to 28 U.S.C. § 2412 (a) (2), any costs of enforcing the judgment, any costs incurred by FSA to bid at any foreclosure sale, including but not limited to, costs of title work and appraisals, and any other relief. However, no deficiency judgment may be entered against Defendant Campbell.

3. The debt upon which this judgment is based has been secured and perfected by the following:
   a. A mortgage recorded June 26, 2013, under Auditor's File No. 7808421, Official Records of Yakima County, Washington.
   b. A security agreement, perfected by a financing statement recorded September 3, 2003, under Instrument No. 2003-246-434-6; a continuation statement recorded March 4, 2008, under Instrument No. 2008-064-2117-1; and a continuation statement recorded June 24, 2013, under Instrument No. 2013-175-0432-2, in the Official Records of Washington State Department of Licensing.
      i. The personal property described and perfected under the above security agreement is as follows:
         1. Oliver 1600Tractor, S/N 130322-607 9433
         2. New Holland 425 Baler, S/N 503847
         3. John Deere BA Grain Drill, S/N 60090
         4. Hesston 6650 Swather, S/N 665—1251
         5. Ford 3000 Tractor, S/N C461309
         6. Massey Ferguson M-25 Hay Rake S/N 0006150
         7. International 3BTM Plow
         8. Powder River Calf Squeeze Chute, 2011

**JUDGMENT AND DECREE OF FORECLOSURE ^ 2**

       9. Pasture Harross (4 Count) 5'

       10. International 10' Disc

       11. Turnbow 16' Stock Trailer, S/N D535TUD

       12. GMC Truck 2500, 1983, S/N 1GTCK24J3DF711833

4. The foregoing mortgage covers the following described real property situated in Yakima County, State of Washington (ECF No. 1 Ex. C), with the following legal description:

   > Lot 1 of Short Plat Recorded in Book 82 of Short Plats, Page 41, as recorded under Auditor's File No. 2642356, Records of Yakima County, Washington. Situated in Yakima County, State of Washington Assessor's Parcel Numbers: 161217-22401

5. The real estate mortgage and security agreement described in paragraph 2 above are hereby foreclosed. Defendants and all persons claiming by, through or under them are forever barred and foreclosed from asserting any right, title, or interest in and to said property, except for the statutory rights of redemption, if any, provided by law.

6. The interests of all Defendants are inferior to the interest of the United States.

7. After the 10-day automatic stay of proceedings to enforce a judgment, Plaintiff may present a motion for an order of sale. See Fed. R. Civ. P. 62(a) & (f) (noting 14-day stay unless otherwise under state law for a judgment on a lien); Wash. CR 62(a) (10-day stay); see also 18 Wash. Prac., Real Estate § 19.12 (2d ed.) (describing the enforcement process).

8. The United States Marshal for the Eastern District of Washington or his/her representative will be authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the real property and personal property listed in paragraph 2. The United States Marshal or

**JUDGMENT AND DECREE OF FORECLOSURE ^ 3**

his/her representative will be authorized free access to the real property and to take all actions necessary to preserve the real property and personal property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the real property, until the deed to the real property is delivered to the purchaser at the foreclosure sale.

9. The United States or any party to the suit may become a purchaser at the sale and the United States Marshal shall execute a Marshal's Certificate of Purchase to the real property in favor of the purchaser, and the purchaser will be let into possession of the premises upon production of the Marshal's Certificate of Purchase. In the event the United States or its agency, Farm Services of America of the United States Department of Agriculture, is a successful bidder on the property, it shall have the right to apply its judgment credits in lieu of cash thereon, and the United States Marshal is authorized to accept such an arrangement.

10. The terms of the Order of Sale shall be as follows:
    a. The sale of the real property and personal property shall be free and clear of the interest of Defendants Campbell, Tampico Well Users, and Tampico Store & Café, except to the extent that Defendants have a right of redemption under RCW § 6.23 or excess funds under RCW § 6.21. The redemption period shall be 12 months.
    b. The sale shall be subject to building lines, if established; all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the real and personal property; and easements and restrictions of record, if any.

**JUDGMENT AND DECREE OF FORECLOSURE ^ 4**

c. The Sale shall be held at the courthouse of the county in which the real property is located, on the real property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, and shall be announced in the Notice of Sale. The date and time for sale are to be announced by the United States Marshal, or his/her representative, in the Notice of Sale.

d. The Notice of Sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Yakima County, and, at the discretion of the Marshal or his/her representative, by any other notice deemed appropriate. The notice shall contain a description of the real property and personal property; the time, date, and location of the sale as determined by the United States Marshal or his/her representative; the minimum bid as determined by the Unites States; and the terms and conditions of sale listed in subparagraphs f-l below.

e. The minimum bid for the Real Property will be set by the United States. If the minimum bid is not met or exceeded, the Marshal or his/her representative, with concurrence of the United States, may without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid as set by the United States, or sell to the highest bidder.

f. The successful bidder for the real property shall be required to deposit at the time of the sale with the Marshal, or his/her representative, a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check payable to

**JUDGMENT AND DECREE OF FORECLOSURE ^ 5**

the United States District Court for the Eastern District of Washington, or cash. Before being permitted to bid at the sale, bidders shall display to the Marshal, or his/her representative, proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale.

g. The balance of the purchase price for the real property is to be paid to the United States Marshal within twenty (20) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of Washington. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the Judgment at issue herein. The real property shall again be offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder if consented to by the United States.

h. The sale of the real property shall be subject to confirmation by this Court. The Marshal shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty (30) days from the date of receipt of the balance of the purchase price.

i. On confirmation of the sale, the Marshal shall execute and deliver a deed of judicial sale conveying the real property to the purchaser.

j. On confirmation of the sale, all interests in, liens against, or claims to, the real property and appurtenances that are held or asserted by

**JUDGMENT AND DECREE OF FORECLOSURE ^ 6**

all parties to this action are discharged and extinguished, except to the extent that such Defendant has rights of redemption under RCW § 6.23.

   k. On confirmation of the sale, the recorder of deeds, Yakima County, Washington, shall cause transfer of the real property and appurtenances to be reflected upon that county's register of title.

   l. The sale shall be "as is" without warranty of any kind.

11. Until the real property and personal property is sold, all Defendants shall take all reasonable steps necessary to preserve the real and personal property (including all buildings, improvements, fixtures and appurtenances on the real property) in their current condition including, without limitations, maintaining a fire and casualty insurance policy. They shall neither commit waste against the real property nor cause nor permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the real or personal property nor cause nor permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the real property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

12. All persons occupying the real property shall leave and vacate the real property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the real property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office is

**JUDGMENT AND DECREE OF FORECLOSURE ^ 7**

authorized to take whatever action it deems appropriate to remove such person from the premises. Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the real property at any time of the day or night and evict and eject all unauthorized persons located there, including Defendants, or any other occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal (or his/her designee) shall be authorized to enter the real property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the property, he/she shall relinquish possession and custody of the property to the United States, or more specifically the FSA, or its designee. No person shall be permitted to return to the property and/or remain thereon without the express written authorization by the United States Marshal and/or the FSA, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the real property during the time this order is in effect may be ejected by the United States Marshal without further order of the Court.

13. If any person fails or refuses to remove his or her personal property from the real property by the time specified herein, the personal property remaining on the real property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

**JUDGMENT AND DECREE OF FORECLOSURE ^ 8**

14. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

    a. To the United States for the costs of the sale, including the costs and commissions of the United States Marshal and any professional auctioneer if retained and the costs of advertising, selling, and conveying the property incurred by the Government.

    b. To the United States to be applied to the Judgment plus all interest and costs due and owing thereon.

    c. Any balance remaining after the above payments shall be held by the Clerk's Registry to be disbursed to whoever may be lawfully entitled hereto, including Defendant Tampico Well Users.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 22nd day of February 2019.



Stanley A. Bastian
United States District Judge

**JUDGMENT AND DECREE OF FORECLOSURE ^ 9**